## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DARREN A. DIAMOND** | * | CIVIL ACTION |
| | * | |
| **VS.** | * | NO. |
| | * | |
| **TROY A. HENRY AND** | * | SECT. |
| **HENRY CONSULTING, LLC** | * | |
| | * | MAGISTRATE: |

* * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes **Darren A. Diamond** ("Plaintiff"), who respectfully alleges, avers and represents the following:

1.

Plaintiff is a person of the full age of majority who is domiciled and is a resident of the State of Georgia.

2.

Made Defendants herein are:

A.   **Troy A. Henry**, a person of the full age of majority who is domiciled and is a resident of Orleans Parish, State of Louisiana, and

B.  **Henry Consulting, LLC**, a Louisiana limited liability company with its principal place of business and registered office located in Orleans Parish, State of Louisiana.

3.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1367.

4.

The matter in controversy, exclusive of interest and costs, exceeds $75,000.00.

5.

Troy A. Henry and Plaintiff are former business partners and members in Henry Consulting, LLC -- Troy A. Henry owned a 60 percent membership interest in Henry Consulting, LLC, and Plaintiff owned a 40 percent membership interest.

6.

At all relevant times, Henry Consulting, LLC was governed by the company's Operating Agreement dated March 9, 2006, which sets forth certain rights and obligations by and among the members, including the right to share in net profits and losses according to membership percentages.

7.

At all relevant times, Troy A. Henry served as the Manager of Henry Consulting, LLC, and was responsible for conducting the business and affairs of the company.

8.

In accordance with the company's Operating Agreement and with the consent of Troy A. Henry, Plaintiff withdrew as a member from Henry Consulting, LLC effective April 17, 2009.  As a result of Plaintiff's withdrawal from Henry Consulting, LLC, Troy A. Henry's membership percentage increased from 60 percent to 100 percent.

9.

Pursuant to the company's Operating Agreement, Defendants were obligated to pay Plaintiff the fair market value of his 40 percent interest in Henry Consulting, LLC as of the date of his withdrawal.

10.

Plaintiff avers that at the time of Plaintiff's withdrawal, the fair market value of the net equity interest in Henry Consulting, LLC was $2,668,484, and Plaintiff's 40 percent interest amounted to $1,067,394.

11.

To date, Defendants have refused to pay Plaintiff the fair market value of his interest in Henry Consulting, LLC despite amicable demand.

12.

In connection with Plaintiff's withdrawal from Henry Consulting, LLC, Defendants agreed to a payment plan wherein Plaintiff was entitled to receive $10,000 per month in partial payment toward the fair market value of his interest pending a final accounting.

13.

In September 2009, Defendants unilaterally reduced the agreed upon payments toward the fair market value of Plaintiff's interest in Henry Consulting, LLC by 50 percent.

14.

In January 2010, Defendants arbitrarily refused to make any additional payments toward the fair market value of Plaintiff's interest in Henry Consulting, LLC.

15.

As of January 15, 2010, Defendants are $35,000 in arrears on amounts owed in monthly payment obligations to Plaintiff.

16.

In addition, Troy A. Henry, acting as Manager of Henry Consulting, LLC, caused the company to pay distributions to its members in February 2009.  Pursuant to the company's Operating Agreement, the distribution was to be made to each member in proportion to his membership interest.  Defendants paid Troy A. Henry $120,000 in recognition of his 60 percent membership interest.  Defendants, however, failed to pay Plaintiff $80,645 in recognition of his 40 percent membership interest.  On information and belief, Troy A. Henry has not returned his distribution to the company.

17.

Defendants' continued refusal to pay Plaintiff amounts due for the fair market value of Plaintiff's membership interest in Henry Consulting, LLC, Defendants' arbitrary and unilateral breach of their obligations to make monthly payments to Plaintiff, and Defendants' failure to pay Plaintiff his $80,645 distribution constitute multiple breaches of Defendants' obligations to Plaintiff and further amount to intentional acts of bad faith by Defendants.

18.

Troy A. Henry's failure to act in good faith and in accord with Defendants' enforceable obligations to Plaintiff, Troy A. Henry's failure to act in the best interests of Henry Consulting, LLC and its members during the period of Plaintiff's membership in the company, and Troy A. Henry's derivation of improper personal benefits resulting from his control of Henry Consulting, LLC constitute breaches of the fiduciary duties, duties of care, and duties of loyalty that he owes as the Manager and as a member of Henry Consulting, LLC.

19.

At all relevant times, Troy A. Henry has treated Henry Consulting, LLC as his alter ego or instrumentality, and has acted as a single economic entity with Henry Consulting, LLC, making him personally liable for the amounts owed to Plaintiff.

WHEREFORE, Plaintiff, prays that this Court:

(a) order **Troy A. Henry** and **Henry Consulting, LLC** to provide a detailed accounting of the revenue and expenditures of **Henry Consulting, LLC** since April 17, 2009 -- including the payment of distributions, loans, or other amounts by the company to Troy A. Henry, the use of company assets as collateral for personal borrowing of Troy A. Henry or his mayoral campaign, the payment of personal obligations of Troy A. Henry by the company, the payment of expenses related to the mayoral campaign of Troy A. Henry by the company, and the use of company employees to perform services for the mayoral campaign of Troy A. Henry;

(b) after due proceedings are had, that there be judgment in Plaintiff's favor and against **Troy A. Henry** and **Henry Consulting, LLC** for the unpaid amounts due to him, all damages as are reasonable under the premises, attorneys' fees, interest from the date of demand until paid, and all costs of these proceedings, plus all other legal and equitable relief; and

(c) order **Troy A. Henry** and **Henry Consulting, LLC** to immediately resume monthly payments of $10,000 to Plaintiff pending final determination and payment of the fair market value of Plaintiff's membership interest in Henry Consulting, LLC as of April 17, 2009.

Respectfully submitted,


\_\_S/Patricia S. LeBlanc_____
PATRICIA S. LEBLANC, T.A. (La. Bar #1798)
CARL A. BUTLER, (La. Bar #17261)
MICHAEL L. FANTACI (La. Bar #25043)
TIFFANY M. FLEMING (La. Bar #32141)
LEBLANC BUTLER, LLC
3421 N. Causeway Blvd., Ste. 301
Metairie, LA 70002
Phone: (504) 828-1010
Fax: (504) 828-1079
pleblanc@leblancbutler.com
mfantaci@leblancbutler.com
tfleming@leblancbutler.com

ATTORNEYS FOR PLAINTIFF
DARREN A. DIAMOND