UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARREN A. DIAMOND | CIVIL ACTION NO. 10-93 |
| VERSUS | SECTION "C" |
| | JUDGE HELEN G. BERRIGAN |
| TROY A. HENRY AND HENRY CONSULTING, LLC | DIVISION (3) |
| | MAGISTRATE JUDGE DANIEL E. KNOWLES, III |

### MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

Troy A. Henry ("Mr. Henry") and Henry Consulting, LLC ("Henry Consulting") (collectively, "Defendants"), respectfully submit this memorandum in opposition to Plaintiff Darren A. Diamond's ("Plaintiff") motion for partial summary judgment. Plaintiff's motion seeks to disregard Defendants' claim for compensation regarding Plaintiff's unauthorized use of Henry Consulting's funds and circumvent valid provisions of the parties' Operating Agreement. Plaintiff's attempt fails. Any purported claim regarding Plaintiff's "membership interest" (if any) is inherently dependent upon the valid compensation and set-offs Defendants assert. To now claim that somehow Plaintiff's membership interest can be determined independently of adjudicating Defendants' compensation claim is contrary to the Louisiana Civil Code and applicable caselaw. Simply, genuine issues of material fact remain concerning the value of Plaintiff's membership interest and summary judgment is inappropriate.

## FACTUAL BACKGROUND

On or about March 9, 2006, Mr. Henry and Plaintiff entered into an Operating Agreement (the "Operating Agreement") concerning the operations of Henry Consulting.[1] Pursuant to the terms of the Operating Agreement, Mr. Henry owned sixty percent (60%) of the outstanding membership in Henry Consulting and Plaintiff owned forty percent (40%).[2] The Operating Agreement named Mr. Henry as the sole manager of Henry Consulting.[3] Specifically, Section 5.1 of the Operating Agreement provides as follows:

> <u>Management of the Company by a Manager.</u> The business and affairs of the Company shall be managed by the Manager. Except for situations in which the approval of the Members is expressly required by this Agreement or by non-waiveable provisions of the Act, *the manager shall have full and complete authority, power and discretion to manage, control, administer and operate the business, affairs and property of the company and to do or cause to be done any and all acts deemed by the Manager to be necessary, desirable or appropriate in the best interest of the Company.*[4]

At all relevant times, and continuing to date, Mr. Henry has been and remains the sole manager of Henry Consulting.[5]

Plaintiff served as a member of Henry Consulting, as well as Chief Financial Officer.[6] Plaintiff's responsibilities included oversight regarding Henry Consulting's books and financial accounts. As a result, Plaintiff gained access to Henry Consulting's confidential and proprietary financial records, and was issued a credit card in Henry Consulting's name.

In or about February of 2009, Plaintiff abandoned his responsibilities with Henry consulting without prior written notice to Mr. Henry or Henry Consulting. As a result, on March

---

[1] Exhibit "1."
[2] *Id.*
[3] *Id.*
[4] Exhibit "1" § 5.1.
[5] Exhibit "2."
[6] *Id.*

6, 2009, Mr. Henry announced to the Henry Consulting staff that Plaintiff intended to formally withdraw from Henry Consulting.[7] Plaintiff withdrew as a member of Henry Consulting on April 17, 2009.[8]

Notwithstanding the April 7, 2009 correspondence, Plaintiff conveniently neglects to inform the Court that Plaintiff failed to give Henry Consulting proper notice of Plaintiff's intent to withdraw. The parties' Operating Agreement provides that any member may withdraw as a member of Henry Consulting by giving Henry Consulting and each member and manager "*not less than six months prior written notice of such withdrawal.*"[9] Indeed, although Plaintiff executed the April 17, 2009 withdrawal correspondence, Plaintiff refused to formally execute the withdrawal until May 19, 2009.[10] Mr. Henry accepted Plaintiff's withdrawal in an attempt to mitigate the existing damage Plaintiff caused Henry Consulting. Following the parties' agreement regarding withdrawal, Henry Consulting continued to make salary and health insurance payments on Plaintiff's behalf.

However, Mr. Henry soon learned that Plaintiff had utilized his position of confidence to convert Henry Consulting's funds for Plaintiff's personal gain.[11] Specifically, Plaintiff utilized Henry Consulting's funds for a personal vacation to Spain, jewelry, clothing and unauthorized meals.[12] It is beyond dispute that Plaintiff was not authorized to use Henry Consulting's credit card for Plaintiff's personal expenditures and that Henry Consulting is entitled to compensation regarding all other agreed upon terms. Thus, Henry Consulting's claim against Plaintiff is liquidated, capable of ascertainment, and the value of Plaintiff's membership interest is

---

[7] Exhibit 2(B) (April 7, 2009 Resignation Letter).
[8] *Id.*
[9] Exhibit "1" § 4.6.
[10] Exhibit "2(B)."
[11] Exhibit "2."
[12] Exhibit "2."

3

extinguished to the extent of Plaintiff's prior receipt and misappropriation of Henry Consulting funds. As a result, summary judgment concerning the value of Plaintiff's membership interest is precluded as a matter of law. Simply, genuine issues of material fact preclude a premature determination of Plaintiff's membership interest where damages related to Plaintiff's breach of the Operating Agreement, as well as the misappropriation of funds have yet to be determined. Defendants respectfully assert that summary judgment is inappropriate and Plaintiff's motion for partial summary judgment should be denied.

## LEGAL ANALYSIS

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is only appropriate in a case where "there is no genuine issue as to any material fact."[13] "The moving party bears the burden of demonstrating that there exists no genuine issue of material fact."[14] In determining whether a genuine issue of material fact exists, the Court must review the facts drawing all inferences most favorable to the non-moving party.[15] Indeed, "those disputes over facts that might affect the outcome of the lawsuit under governing substantive law will preclude summary judgment."[16] When a non-moving party has the burden of proof at trial, the moving party must establish an absence of evidence supporting the non-moving party's claim.[17] To the extent the burden shifts (which Defendants deny) the non-moving party must set forth specific facts showing there is a genuine issue for trial.[18]

Here, not only is Plaintiff incapable of demonstrating that no genuine issue of material fact exists, but the record evidence confirms that summary judgment is inappropriate. Stated differently, Henry Consulting's claim for compensation against Plaintiff is liquidated, capable of

---

[13] Fed. R.Civ. Proc. 56(c).
[14] *In re Vioxx Products Liability Litigation*, 501 F.Supp. 2d 776, 781 (E.D. La. 2007) (Fallon, J.).
[15] *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004).
[16] *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987)
[17] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[18] *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003).

4

ascertainment and Plaintiff's purported membership interest is extinguished to the extent of Plaintiff's breach and misappropriation of Henry Consulting's funds. Simply, genuine issues of material fact preclude summary judgment as a matter of law.

**B.     SUMMARY JUDGMENT IS PRECLUDED UNDER THE DOCTRINE OF COMPENSATION/SET-OFF.**

"When sitting in diversity, [a federal court] applies the substantive law of the state."[19] Article 1893 of the Louisiana Civil Code provides as follows:

> Compensation takes place by operation of law when two persons owe to each other sums of money or quantities of fungible things identical in kind, and these sums or quantities are liquidated and presently due.
>
> In such a case, *compensation extinguishes both obligations* to the extent of the lesser amount.[20]

Further, "[c]ompensation takes place regardless of the sources of the obligations."[21] In fact, compensation occurs by operation of law even when unnamed to a debtor's concern; and the debts are reciprocally extinguished immediately upon existence and simultaneously to the amount of their respective settlements.[22] In this case *sub judice*, Plaintiff's debt to Henry Consulting and the compensation related thereto preclude summary disposition.[23]

The Louisiana Second Circuit Court of Appeal opinion in *Davis v. Trio Building Company* is instructive. In *Davis*, the plaintiff initiated garnishment proceedings seeking to seize a garnishee's partnership interest. Following a trial on the merits, the Second Circuit held that had the garnishee withdrawn from the partnership and sought compensation for his interest in the partnership, the debts owed by the garnishee to the partnership would properly be considered as

---

[19] *Bradley v. Allstate Ins. Co.*, 620 F.3d 509, 516-517, n. 2 (5th Cir. 2010) (citing, *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007).
[20] Article 1893 of Louisiana Civil Code.
[21] Article 1894 of Louisiana Civil Code.
[22] *Cefalu v. N. Cefalu Company*, La. App. 1st Cir. 1971, 253 So.2d 547.
[23] Exhibit "2(B)."

5

off-sets in calculating the garnishee's interest in the partnership.[24] The Court held that as a result of the doctrine of compensation, the garnishee's partnership interest was valueless; and indeed, the garnishee owed the partnership.[25]

Similarly, Plaintiff's debt to Henry Consulting is for a liquidated and determinable sum that precludes summary disposition concerning the value of Plaintiff's partnership interest. Henry Consulting made continuing salary payments to Plaintiff in the amount of $55,000.00.[26] Henry Consulting paid health insurance premiums on Plaintiff's behalf in the amount of $10,610.20.[27] Finally, Plaintiff made unauthorized personal expenditures on the Henry Consulting credit card in the amount of $122,678.03 in violation of the parties' Operating Agreement, which results in a total set-off and compensation in the amount of $188,288.23.[28] Louisiana law is clear: because compensation takes place by operation of law and the debts are liquidated and presently due, summary judgment concerning Plaintiff's membership interest is inappropriate.[29] Defendants respectfully assert that as a result of clear Louisiana jurisprudence on this issue, the Court should issue an order denying Plaintiff's motion for summary judgment.[30]

## C. DIAMOND WAS NOT AUTHORIZED TO ACT ON HENRY CONSULTING'S BEHALF.

Astonishingly, Plaintiff claims to have paid $5,269.20 on Henry Consulting's behalf and related to the "valuation" performed by Chaffe & Associates, Inc. Simply, Plaintiff was not authorized to make any payments on Henry Consulting's behalf and did so at Plaintiff's own risk

---

[24] *Id.* at p. 17. *See also, Herques, M.D. V. Houma Medical and Surgical Clinic*, 518 So.2d 1119 (La. 1 Cir. 1987).
[25] *Id.* at pp. 16-18.
[26] Exhibit "2(C)."
[27] Exhibit "2(D)."
[28] Exhibit "2."
[29] *Rosenthal v. Oubre*, 504 So.2d 1102 (La. App. 5 Cir. 1987); *Hughes Realty Co. v. PFister*, 245 So.2d 747 (La. App. 4 cir. 1971).
[30] Exhibit "2."

6

and peril. Henry Consulting is not obligated to make any payments to Plaintiff regarding Plaintiff's unauthorized acts.

## CONCLUSION

Plaintiff's motion for partial summary judgment seeks to circumvent Defendants' claim for compensation and the clear terms of the Operating Agreement. Simply, Plaintiff's "membership interest" is inherently dependant upon full adjudication of Defendants' claim for compensation. Pursuant to well-settled Louisiana law, Plaintiffs' motion for partial summary judgment must be denied.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: /s/ Allen C. Miller
Harry Rosenberg (Bar #11465)
Allen C. Miller (Bar #26423)
Bryan Edward Bowdler (Bar #32097)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Email: harry.rosenberg@phelps.com
millera@phelps.com
bryan.bowdler@phelps.com

**ATTORNEYS FOR DEFENDANTS TROY A. HENRY AND HENRY CONSULTING, LLC**

## CERTIFICATE OF SERVICE

I certify that on February 22, 2011, I electronically filed the foregoing Memorandum in Support of Motion for Leave to File Amended Answer and Counterclaim by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Allen C. Miller

PD.4745696.2