UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARREN A. DIAMOND                                    CIVIL ACTION

VERSUS                                               NO: 10-93

TROY A. HENRY, et al.                                SECTION "C" (3)

<u>ORDER AND REASONS</u>[1]


Before this Court comes Plaintiff's Motion for Partial Summary Judgment. (Rec. Doc. 22).

Having considered the record, the memorandum of counsel, and applicable law, the Court has

determined that the motion is DENIED for the following reasons.


**I. Background**

In March 2006, Defendant Troy Henry ("Henry") and Plaintiff Darren Diamond

("Diamond") entered into a Operating Agreement regarding Henry Consulting, LLC ("Henry

Consulting"). (Rec. Doc. 32 at 2). As a result of the Operating Agreement, Diamond and Henry

became co-members of Henry Consulting. (Rec. Doc. 22-1 at 1). Henry possessed a 60%

membership interest while Diamond possessed a 40% membership interest in Henry Consulting.

(Rec. Doc. 22-1). Henry was named the sole manager of Henry Consulting under the Operating

Agreement while Diamond worked as a Chief Financial Officer and served as a member for Henry

Consulting until February 2009.  (Rec. Doc. 32 at 2). Diamond's responsibilities for Henry

Consulting granted him access to the company's financial records, and Diamond received a credit

card under the company's name. (Rec. Doc. 32 at 2).

_____

[1]Helen Meaher, a third year law student at Tulane University School of Law assisted in
preparing this order and reasons.

In February 2009, Diamond allegedly stopped working for Henry Consulting. (Rec. Doc. 32 at 2). Henry also alleges that Diamond failed to provide Henry Consulting proper notice of his intent to withdraw as a member of Henry Consulting. (Rec. Doc. 32 at 3). Nevertheless, Henry Consulting agreed that on April 17, Diamond effectively withdrew as a member of Henry Consulting. (Rec. Doc. 22-2 at 2). At the same time, Henry Consulting agreed that Diamond was entitled to the fair market value of his membership interest in Henry Consulting. (Rec. Doc. 32 at 3). In order to determine the fair market value of Diamond's membership interest, Diamond and Henry Consulting agreed to retain Chaffe & Associates ("Chaffe") as an independent appraiser. (Rec. Doc. 22-2 at 2). Chaffe eventually determined that the fiar market value of Diamond's interest was $443,301, which Diamond now claims he is entitled to pursuant to Section 4.6(b) of the Operating Agreement. (Rec. Doc. 22-2 at 4). Furthermore, Diamond argues he is entitled to $5.269.20 because he paid the entire amount of Chaffe's fee, which Henry Consulting was required to split. (Rec. Doc.22-2 at 3). However, Henry Consulting claims to have discovered that Diamond used his position to misappropriate Henry Consulting's funds. Henry Consulting alleges that Diamond used Henry Consulting's funds for personal use including buying jewelry, clothing, unauthorized meals and expenses as well as a personal vacation to Spain. (Rec. Doc. 32 at 3). Thus, Henry argues that the value of Diamond's membership interest is reduced as a result of his alleged misappropriation of funds. (Rec. Doc. 32 at 4).

## II. Law and Analysis

Summary judgment is only proper when the record indicates that there is not a genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56*. A genuine issue of material fact exists when the evidence is such that a reasonable jury could

return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences in favor of the non-moving party." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 579  (5th Cir. 1986).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323.  The movant need not, however, support the motion with materials that negate the opponent's claim. *Id.* As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id.* at 323-24. The nonmoving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, … since it is the province of the jury to assess the probative value of the evidence." *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial. *National Screen Serv. Corp. v. Poster Exchange, Inc.*, 305 F.2d 647, 651 (5th Cir. 1962).

In Louisiana, "contracts have the effect of law for the parties." La. Civ.Code art. 1983. Under Louisiana Civil Code article 2045: "Interpretation of a contract is the determination of the common intent of the parties."  "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties intent." La. Civ.Code art.2046.

The narrow issue before this Court is how much Henry Consulting owes Diamond for his membership interest.  While it is clear that under the Operating Agreement Henry Consulting is required to pay Diamond for his membership interest, (Rec. Doc. 22-2 at 2), it is also clear that Henry Consulting is entitled to an offset based on the continued payments of Diamond's salary and benefits, as well as his alleged misappropriation of Henry Consulting funds, (Rec. Doc. 32 at 3). Thus, there is a factual dispute that forecloses summary judgment in this matter.

### III. Conclusion

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Partial Summary Judgment is DENIED. (Rec. Doc. 22).

New Orleans, Louisiana this 14th day of April, 2011

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE